**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICIA A. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | )   2:18-cv-600 |
| v. | ) |
| | ) |
| CITIZENS BANK, | ) |
| | ) |
| Defendant. | ) |

## OPINION

**Mark R. Hornak, Chief United States District Judge**

Plaintiff Patricia Scott, representing herself *pro se*, claims that she suffered unlawful discrimination by Defendant Citizens Bank on the basis of her disability, one that requires her to use a wheelchair. In short, she alleges two (2) forms of discrimination: The first is unequal treatment by the staff of a Citizens Bank branch in downtown Pittsburgh, Pennsylvania. The second is the deprivation of the equal use of ATM machines at the same Citizens Bank branch, ones that she claims are too high for her to reach while in her wheelchair.

Ms. Scott seeks statutory and compensatory damages, as well as injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), which outlaws disability discrimination by public accommodations like Citizens Bank. But two (2) issues prevent her from obtaining that relief—one (1) surmountable, one (1) not. The insurmountable: Title III of the ADA does not allow for money damages. So the Court will dismiss her damages claims with prejudice. As for the fixable, Ms. Scott's Complaint fails to plead an injury in fact—a necessary element of Article III standing. But this omission has the potential for correction, so the Court will dismiss Ms. Scott's injunctive relief claim without prejudice and allow her to file an amended complaint.

I.      **BACKGROUND**

Ms. Scott, who requires the use of a wheelchair for mobility, resides in Heidelberg, Pennsylvania—a small borough about seven (7) miles southwest of Pittsburgh, Pennsylvania. On March 16, 2018, Ms. Scott alleges that she entered a Citizens Bank branch located at 525 William Penn Place in downtown Pittsburgh intending to cash a check. (Compl., ECF No. 6, at ¶¶ 1–2, 6.) Ms. Scott states that she waited in line for a bank teller to assist her. (*Id.* at ¶ 6.) According to Ms. Scott's Complaint, the bank teller "deliberately skip[ed] over her"—allowing other customers "to walk in front of her." (*Id.*)

Eventually, Ms. Scott states, the bank teller approached her. (*Id.*) When the teller walked over, Ms. Scott alleges that she presented the teller with her debit card and a refund check then "made a request for some coins." (*Id.*) Ms. Scott then alleges that the bank teller returned without the funds she requested. (*Id.*) At that time, a "branch manager walked over to [Ms. Scott's] wheelchair" and acted "extremely hostile toward [Ms. Scott] and her disability." (*Id.*) The manager also told Ms. Scott: "[T]he bank will not be able to cash your check today." (*Id.*) The manager then allegedly told the tellers not to assist Ms. Scott. (*Id.*)

After allegedly being rebuffed by the bank staff, Ms. Scott states that she tried to use one of the ATM machines in the bank. (*Id.*) But Ms. Scott alleges that she had to leave Citizens Bank without her money because she could not reach the ATM machine from her wheelchair. (*Id.*) Based on her alleged interaction with the bank staff and inability to use the ATM, Ms. Scott claims that she was "denied the right of full and equal enjoyment of the goods [and] services . . . of a place of public accommodation" and that she was treated differently "because she was in a wheelchair." (*Id.* at ¶¶ 5–6.) These actions by Citizens Bank, Ms. Scott argues, violated Title III of the ADA.

(*Id.* at ¶ 5.) To remedy this alleged harm, Ms. Scott seeks "statutory damages, compensatory damages and whatever the court deem to be appropriate in this civil case." (*Id.*)

## II. LEGAL STANDARD

### A. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972). In practice, this liberal pleading standard works as "an embellishment of the notice-pleading standard set forth in the Federal Rules of Civil Procedure." *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring). Put another way, when the Court reviews Ms. Scott's *pro se* Complaint, it should prioritize substance over form.

### B. *In Forma Pauperis* Litigants

Because Ms. Scott proceeds in this action *in forma pauperis* (IFP) the Court is obligated to screen her Complaint under 28 U.S.C. § 1915. Under § 1915(e), the Court must dismiss any IFP complaint if it facially fails to state a claim, is frivolous or malicious, or seeks damages against an immune defendant.[1] *See id.* § 1915(e). While the statute only refers to suits brought by prisoners, courts apply § 1915(e)'s "frivolous or malicious" screening procedure to non-prisoner IFP applications as well. *See, e.g.*, *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013). In performing its § 1915(e) screening function, a district court should employ the same standard

---

[1] 28 U.S.C. § 1915(e) provides:
    (1) The court may request an attorney to represent any person unable to afford counsel.
    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
        (A) the allegation of poverty is untrue; or
        (B) the action or appeal—
            (i) is frivolous or malicious;
            (ii) fails to state a claim on which relief may be granted; or
            (iii) seeks monetary relief against a defendant who is immune from such relief.

used for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 537 (W.D. Pa. 2013).

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court's decision in *Ashcroft v. Iqbal* held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to survive a Rule 12(b)(6) motion. 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, under Rule 12(b)(6), the plaintiff's factual allegations must "raise a right to relief above the speculative level" and state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

Our Court of Appeals has broken the *Iqbal* and *Twombly* pleading standard into a three-part framework. First, the Court "identif[ies] the elements of the claim." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Second, the Court "review[s] the complaint to strike conclusory allegations." *Id.* Third, the Court "look[s] at the well-pleaded components of the complaint and evaluat[es] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Id.* Along the same lines, the Third Circuit has held that the complaint must "show" that the plaintiff is entitled to relief based on the facts that the Court must presume as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

### III.   DISCUSSION

Ms. Scott's Complaint can be fairly read to seek three (3) forms of relief: statutory damages, compensatory damages, and injunctive relief. (ECF No. 6.) Because, as the Court will explain, Title III of the ADA does not permit the recovery of money damages from a public accommodation like Citizens Bank, the Court will dismiss Ms. Scott's request for statutory and compensatory damages with prejudice. And injunctive relief, while an available remedy under the

ADA against a public accommodation, requires Ms. Scott to demonstrate Article III standing. Because the Court accepts Citizens Bank's argument that Ms. Scott failed to sufficiently plead her standing to seek injunctive relief, even under the liberal *pro se* pleading standard, the Court will dismiss her injunctive relief claim without prejudice—thus, permitting Ms. Scott to file an amended complaint including only her injunctive relief claim.

### A. **Statutory and Compensatory Damages Claims**

Congress enacted the ADA "to remedy widespread discrimination against disabled individuals." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674 (2001). To accomplish this broad objective, Congress sought to stamp out discrimination against disabled individuals "in major areas of public life"—including employment, public services, and, relevant to this case, public accommodations. *Id.* Ms. Scott grounds her Complaint in Title III of the ADA, which targets discrimination against disabled people by public accommodations. (ECF No. 6.) As a general rule, Title III of the ADA provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who . . . operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under Title III of the ADA, a plaintiff must show: (1) he or she was discriminated against on the basis of a disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator. *See Anderson*, 943 F. Supp. 2d at 542–43. As it relates to Ms. Scott's

Complaint, the ADA specifically defines public accommodations to include banks. 42 U.S.C. § 12181(7)(f).

Yet while Title III of the ADA allows plaintiffs to obtain relief from public accommodations, the available remedies are limited. *See Anderson*, 943 F. Supp. 2d at 538. Important here, Title III does not allow a plaintiff to recover monetary damages. Instead, only prospective injunctive relief is available for the sort of public accommodation discrimination that Ms. Scott alleges. *See id.* Because the portion of the ADA on which Ms. Scott relies does not allow for the statutory and compensatory damages she seeks—and no amount of liberal construction or repleading could overcome that reality—her claims for money damages will be dismissed with prejudice. *See* 28 U.S.C. § 1915(e). Ms. Scott's requested injunctive relief, on the other hand, is a permitted remedy under Title III of the ADA, so further examination of that claim is required.

### B. Standing for Injunctive Relief Claim

Ms. Scott's Complaint does not explicitly seek prospective injunctive relief.[2] But, applying a liberal pleading standard, the Court can fairly read her Complaint to seek injunctive relief regarding the height and accessibility of the ATM machines at the downtown Pittsburgh Citizens Bank branch. (ECF No. 6, at ¶ 5–6.) While Citizens Bank acknowledges that injunctive relief is available under Title III of the ADA, it argues that Ms. Scott's Complaint fails to allege an essential ingredient: Article III standing.

Every case that comes before an Article III court must present a live case or controversy. *See* U.S. Const. art. III, § 2. To implement the Constitution's case or controversy requirement,

---

[2] Ms. Scott's response to Citizens Bank's motion to dismiss does explicitly request prospective relief. Of course, a plaintiff cannot amend her complaint via a brief in response to a motion to dismiss. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). But Ms. Scott's more detailed explanation of her requested injunctive relief in her response to Citizens Bank's motion does confirm the Court's liberal reading of her Complaint.

federal courts employ the doctrine of standing, which essentially asks whether "this plaintiff can assert these claims" consistent with the limited jurisdiction provided by Article III. *See, e.g.*, *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997) ("Standing is a threshold jurisdictional requirement, derived from the 'case or controversy' language of Article III of the Constitution."). While standing doctrine has evolved over the years, the operative Supreme Court precedent "holds that a litigant must demonstrate that it has suffered a concrete and particularized injury that is either actual or imminent, that the injury is fairly traceable to the defendant, and that it is likely that a favorable decision will redress that injury." *Massachusetts v. E.P.A.*, 549 U.S. 497, 517 (2007) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)). In order to ensure "proper adversarial presentation" of the case, the plaintiff bears the burden of demonstrating her standing. *See id.*

"Because the remedy for a private ADA Title III violation is [prospective] injunctive relief, courts look beyond the alleged past violation and consider the possibility of future violations." *Anderson*, 943 F. Supp. 2d at 538. A plaintiff, then, must demonstrate a real and immediate threat of injury in order to satisfy the standing doctrine's "injury in fact" requirement. *See City of L.A. v. Lyons*, 461 U.S. 95, 103–04 (1983). Simply alleging "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton,* 414 U.S. 488, 495–96 (1974).

When the Court evaluates whether a plaintiff's Title III ADA claim against a public accommodation alleges an "injury in fact," it should consider four (4) factors—not all of which must be present in every case, and none of which is dispositive. *See Anderson*, 943 F. Supp. 2d at 539 (citing *Harty v. Burlington Coat Factory of Pa., L.L.C.*, No. 11-01923, 2011 WL 2415169, at *4 (E.D. Pa. June 16, 2011)). First, the Court should consider the plaintiff's proximity to the

defendant's place of public accommodation. *Id.* Second, the plaintiff's past patronage of the public accommodation. *Id.* Third, the definitiveness of the plaintiff's plan to return. *Id.* And, finally, the plaintiff's frequency of nearby travel. *Id.*

In its motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of standing, Citizens Bank points the Court to *Anderson v. Macy's, Inc.* (ECF No. 13, at 3–4.) There, a *pro se* plaintiff sought injunctive relief against Macy's, alleging unequal treatment based on her claimed disability. *Anderson*, 943 F. Supp. 2d at 539–41. The Court applied the four (4) factors outlined above to the plaintiff's complaint and concluded that she failed to adequately allege an injury in fact. *See id.* In doing so, the Court noted the significant distance—over twenty (20) miles—between the plaintiff's residence and the Macy's store she sought to enjoin. *Id.* at 539. And the Court noted the presence of several Macy's stores located closer to the plaintiff's residence. *Id.* As for the plaintiff's past patronage, the Court noted the absence of any allegations of prior visits to the store named in the plaintiff's complaint. *Id.* at 540. And, perhaps most important, the plaintiff failed to allege any concrete plan to return to the Macy's store at issue in her case. *Id.* at 540–41. Finally, the Court noted the plaintiff's failure to allege any type of frequent travel in the area surrounding the Macy's. *Id.* Taking the plaintiff's failure to establish any of the four (4) "injury in fact" factors for her Title III ADA claim, the Court then concluded that it must dismiss her complaint under Rule 12(b)(1). *Id.*

The Court's decision in *Anderson*, including its survey of case law on all four (4) factors, provides a straightforward roadmap for a plaintiff trying to plead a sufficient injury in fact. Ms. Scott's Complaint, however, does not follow that roadmap. In fact, her Complaint fails to sufficiently allege any of the four (4) factors outlined in *Anderson*. (ECF No. 6.) The only factor somewhat addressed in Ms. Scott's Complaint is the proximity of her residence to the Citizens

Bank branch at issue. (ECF No. 6, at ¶¶ 1–2.) Ms. Scott lists the address of her residence as well as the address of the Citizens Bank branch in downtown Pittsburgh, which a Google Maps search shows to be a 7.6-mile drive (using the shortest driving route, not "as the crow flies"). But as Citizens Bank points out in its brief, "there are other Citizens locations closer to [Ms. Scott's] home in Heidelberg." (ECF No. 13, at 5.) So the single factor Ms. Scott's Complaint does address does not show she suffers from an injury in fact.

As for the remaining three (3) factors, Ms. Scott's Complaint is silent. Like the plaintiff in *Anderson*, Ms. Scott does not allege any form of past patronage at the Citizens Bank branch in downtown Pittsburgh. Nor does she allege any intent to return to that particular branch, let alone a definitive plan to do so. Finally, Ms. Scott does not allege that she frequently travels to downtown Pittsburgh where the branch is located. Because standing is a threshold issue for the Court, Ms. Scott's failure to allege the requisite facts prevents the Court from turning to the merits of her Complaint. As it did with the complaint in *Anderson*, the Court must grant Citizens Bank's motion to dismiss under Rule 12(b)(1) for failure to plead standing.

### C. Dismissal Without Prejudice

Citizens Bank tells the Court that it should dismiss Ms. Scott's Complaint with prejudice—thus denying her the opportunity to amend. (ECF No. 13, at 5.) While acknowledging that "leave to amend is generally liberally granted," Citizens Bank conjures a somewhat attenuated argument for why no amendment is proper here. (*Id.*) In its brief, Citizens Bank argues that because Ms. Scott years ago filed a different lawsuit against a different defendant that was also dismissed under Rule 12(b)(1), then failed to correct her mistakes in her amended complaint, she should not have "repeat[ed] the same mistake here." (*Id.* at 6.) Thus, Citizens Bank argues, that single past case should have put Ms. Scott on notice that she needs to plead an injury in fact in any ADA cases that

came after it. (*Id.*) And her failure to apply that lesson in this case warrants a "one strike you're out" ruling from the Court.

To be sure, the Court cannot knock Citizens Bank for swinging for the fences, particularly when the Court's jurisdiction is on the line. But here that swing misses in the context of a plaintiff proceeding *pro se*. Contending that Ms. Scott's involvement in that prior ADA lawsuit dooms her to one-shot perfect pleading or losing her ADA claims for good misses the mark. It is not a pleading standard that many attorneys burdened with a legal education could meet, and in any event, because the Court cannot say that amendment would be futile, Third Circuit precedent squarely prohibits the Court from accepting the invitation to dismiss Ms. Scott's Complaint with prejudice. *See, e.g.*, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)).

Here, taking the allegations contained in her Complaint as true, the Court cannot say that Ms. Scott has failed to plead a plausible ADA claim, nor can it say that amendment would be futile.[3] Citizens Bank does not appear to contest that it is a public accommodation as defined by Title III of the ADA. And the fact that Ms. Scott requires the use of a wheelchair is likely sufficient to "show," if not allege, her disability—though in an amended complaint, Ms. Scott may wish to expand on the nature of her disability. Finally, taking the facts she alleges as true, Ms. Scott's Complaint appears to sufficiently allege the deprivation of equal use of Citizens Bank's services. Thus, amendment would not be futile, and therefore dismissal with prejudice would be improper. So the Court will provide Ms. Scott an opportunity, a final opportunity, to file an amended

---

[3] Because Citizens Bank did not move to dismiss Ms. Scott's Complaint under Federal Rule of Civil Procedure 12(b)(6), the Court will refrain from fully examining whether this Complaint sufficiently states a claim under Title III of the ADA. For now, it suffices to say that there are enough allegations to suggest that an opportunity to amend would not be futile.

complaint that pleads her standing to seek prospective injunctive relief.

## IV. CONCLUSION

While Courts have a duty to liberally construe *pro se* filings, there is only so much wiggle room even for such filers. Here, Ms. Scott's Complaint seeks statutory and compensatory damages from Citizens Bank based on her Title III ADA claim. But Title III of the ADA does not allow for monetary relief. So the Court must dismiss Ms. Scott's damages request with prejudice—as no repleading can change what remedies the statute provides. On the other hand, Title III of the ADA does allow for the sort prospective injunctive relief that Ms. Scott's Complaint can be fairly read to request. But while prospective injunctive relief is on the menu, Ms. Scott's Complaint fails to adequately allege her standing to seek such relief. That omission is one this Court cannot overlook. While Citizens Bank asks for dismissal with prejudice, such drastic action is not called for at this time. Ms. Scott will have the opportunity to amend her Complaint. If she does so, she should address the four (4) factors outlined by this Court in *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531 (W.D. Pa. 2013).

For these reasons, Citizens Bank's Motion to Dismiss Under Rule 12(b)(1) With Prejudice (ECF No. 12) is **GRANTED** in part and **DENIED** in part. Ms. Scott's Complaint (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE** as to any prospective injunctive relief claim, thus permitting her to file an amended complaint, and **DISMISSED WITH PREJUDICE** as to any monetary damages claims under Title III of the ADA. But, the latitude to do so comes with limits,

and the Court anticipates that such leave will be granted this time, but not as easily the next.

/s/ Mark R. Hornak  
Mark R. Hornak  
Chief United States District Judge

Dated: May 27, 2020  
cc: All counsel of record  
      Patricia Scott, *pro se*